**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TERESA WELLS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO:    07-3775**

**REGENCY HOSPITAL COMPANY, ET AL.**                **SECTION: "A" (4)**

## ORDER

On July 14, 2008, the Court granted as unopposed a Motion to Compel Responses to Defendants' First Set of Interrogatories to Plaintiff and Defendants' First Continuing Requests for Production to Plaintiff and Motion for Costs and Attorneys' Fees (R. Doc. 23), filed by the Defendants, Regency Hospital of Covington, LLC and improperly named Regency Hospital Company (collectively referred to as "Regency"). (R. Doc. 25). In the motion to compel, Regency sought the award of reasonable attorney's fees associated with the motion. Therefore, the Court ordered Regency to file a motion to fix attorney's fees into the record. (R. Doc. 25).

Regency subsequently filed **Defendants' Motion to Fix Attorneys' Fees (R. Doc. 26)** and attached a declaration by its lead trial counsel, Jeffrey A. Schwartz ("Schwartz") and a time report, taken contemporaneously with the rendering of legal services. In Schwartz's declaration, he itemized the services that he, his co-counsel Susanne A. Veters ("Veters"), and his paralegal Donna Hebert ("Hebert") rendered in connection with Regency's motion to compel discovery responses and motion to fix attorney's fees. The Plaintiff, Teresa Wells ("Wells") did not file an opposition to Regency's motion.

In total, Regency seeks the recovery of $5,505.00 in attorney's fees.  Based on the materials submitted by Regency regarding the time expended on the motions, Schwartz worked 4.40 hours at a rate of $280.00, Veters worked 15.60 hours at a rate of $240.00, and Hebert worked 4.60 hours at a rate of $115.00, for a resulting total of $5,505.00.

## I.    Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.*  The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)[1].  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

2

## II.      Analysis

### A.      Calculating a Reasonable Hourly Rate

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates.  *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987).  Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.  *Blum*, 465 U.S. at 896 n. 11.  However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate.  *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances.  The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D.La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should

consider this rate when fixing the hourly rate to be allowed.  When that rate is not contested, it is *prima facie* reasonable." *La. Power and Light*, 50 F.3d at 328.

Here, Regency seeks the recovery of $5,505.00 in attorney's fees for 20.00 hours of work by its counsel, Schwartz and Vetter, and 4.60 of work by its paralegal, Hebert, on the motion to compel and the motion to fix attorney's fees, at the hourly rates of $280.00, $240.00, and $115.00. In support of the hourly rates, Regency submits the declaration of its attorney, Schwartz.

According to Schwartz' declaration, he graduated from the University of Pittsburgh School of Law in 1989 and was admitted to the Louisiana Bar the same year.  (R. Doc. 26-3).  He avers that he is employed as a partner with the law firm of Jackson Lewis, LLP and has worked there since August of 2006.  (R. Doc. 26-3).  He also maintains that he was previously a managing shareholder or partner at two other firms from January 1995 to August 2006 and has practiced labor and employment law throughout his legal career.  (R. Doc. 26-3).  Based on the Court's calculation, Schwartz has practiced law for approximately 19 years.

Schwartz also attests to Veter's legal qualifications and her practice of law.  He indicates that Veters received an LL.M. from Tulane University School of Law in 2001.  (R. Doc. 26-3).  He states that Veters is an associate with Jackson Lewis, LLP, and has been with the firm since April of 2008. (R. Doc. 26-3).  Prior to her time with Jackson Lewis, LLP, Veters worked at two other firms, and she also has practiced labor and employment law and ERISA litigation throughout her career.  (R. Doc. 26-3).   Based on the Court's calculation, after Veters received her LL.M., she has practiced law for roughly seven years.  Schwartz attests he charges an hourly rate of $280.00 for his legal work in New Orleans, Louisiana, while Veters charges an hourly rate of $240.00 for her legal work. (R. Doc. 26-3).

4

After considering Schwartz's approximate 19 years of legal experience and hourly rate of $280.00 and Veters approximate seven years of legal experience and hourly rate of $240.00, the Court finds that the requested rates are above the ranges of the prevailing market rates previously found by this Court and by other courts in this District.  *See Battiste v. Allstate Ins.Co.*, Civ. A. 07-8790, 2008 WL 2787468, at *2 (E.D. La. Jul. 16, 2008) (Roby, J). (awarding an hourly rate of $150.00 to a lawyer with eighteen (18) years of legal experience); *Davis v. American Sec. Ins. Co*., Civ. A. 07-1141, 2008 WL 12228896 (E.D. La. May 28, 2008) (Roby, J). (awarding hourly rates of $125.00 for an attorney with one (1) year of legal experience and $150.00 for an attorney with twenty-four (24) years of legal experience); *Creecy v. Metropolitan Prop. and Cas. Ins. Co.*, Civ. A. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J). (awarding a $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rates of $175.00 to an attorney with seven (7) years of legal experience and $200.00 for an attorney with eleven (11) years of experience).

Regency argues that there is an unwillingness for law firms to disclose hourly rates, and therefore, it is unable to provide evidence on rates actually billed and paid in similar lawsuits.  The Court disagrees.  Regency may cite to the numerous and publicly available opinions rendered by this Court, specifically setting the rates for legal work on motions to compel in this locality.  While Schwartz and Veter may typically charge $280.00 and $240.00 in complex or more intensive legal matters, such fees are not aligned with the legal rates typically charged in a routine discovery dispute.  After reviewing the prevailing market rates for legal services in this area from the case law

for work on standard motions to compel, the Court concludes that a rate of $200.00 is appropriate and reasonable for Schwartz's work on the motion and $160.00 is appropriate and reasonable for Veters's work on the motion to compel.

As for Hebert's work on the motion, the Court looks to case law regarding the hourly rates awarded for paralegal work. Regency requests an hourly rate of $115.00 for Hebert's paralegal services. After reviewing the prevailing market rates for paralegal work in this district, the Court finds that an hourly paralegal rate of $115.00 for work on a standard motion to compel is excessive, especially where the Court has awarded an hourly rate of $125.00 for an attorney for work on a similar motion to compel. *Davis*, 2008 WL 12228896. The Court instead concludes that an hourly rate of $65.00 is reasonable for Hebert's work on this procedurally simple motion to compel. *See Prime Ins. Syndicate, Inc. v. Jefferson*, 547 F.Supp.2d 568, 579 (E.D. La. 2008) (Roby, J). (reasoning that an hourly rate of $67.50 was reasonable for paralegal work in contract litigation); *see also Combe v. Life Ins. Co. of N.* Am., Civ. A. 06-8909, 2008 WL 544547, at * 3 (E.D. La. Feb. 27, 2008) (concluding that an hourly rate of $70.00 for paralegal work in ERISA litigation is reasonable and in accord with prevailing market rates in the district); *Kodrin v. State Farm Ins. Co*., Civ. A. 06-8180, 2008 WL 294552, at *4 (E.D. La. Jan. 31, 2008) (finding that a hourly rate of $90.00 for paralegal work to be reasonable for work in the litigation, and therefore, reducing the $100.00 hourly rate requested by the plaintiffs); *Chieftain Int'l (U.S). v. Denny Offshore Exploration, Inc.*, Civ. A. 03-1346, 2008 WL 977356, at *4 (E.D. La. Jan. 25, 2008) (reasoning that an hourly rate of $75.00 is consistent with paralegal market rates in New Orleans for the breach of contract litigation); *Speaks v. Kruse*, Civ. A. 04-1952, 2006 WL 3388480, at *4 (E.D. La. Nov. 20, 2006) (noting that reasonable and appropriate hourly paralegal rates in the district ranged from

$50.00 to $75.00, and thus, $65.00, $70.00, and $75.00, for work in 2004, 2005, and 2006, respectively, is appropriate).

In sum, after reviewing the prevailing market rates for legal and paralegal services in this area, the Court concludes that hourly rates of $200.00 and $160.00 for Schwartz and Veter, respectively, and $65.00 for Hebert are appropriate and reasonable in this matter.

### B.     Determining the Reasonable Hours Expended

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker,* 99 F.3d at 770.  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 769 (5th Cir.1996)).  Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request.  *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.  *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

Here, Schwartz indicates that he exercised billing judgment by omitting various entries from the billing request.  (R. Doc. 21-6).  Despite Schwartz's assertions, the Court nevertheless conducts a line-by-line analysis of the billing statement to determine the reasonableness of Regency's

requested fees.  After conducting a line-by-line analysis of the contemporaneous time report submitted by Regency, the Court concludes that the hours Regency reported on the motion to compel and the motion to fix attorneys' fees are excessive or duplicative in many areas, despite the professed redactions.

Ultimately, Regency's motion to compel was not a motion to test the sufficiency of Wells' discovery responses.  Regency propounded discovery and Wells did not answer.  The motion was not difficult nor did it involve novel or unique issues of law or fact.  Rather, it was simply a standard motion to compel responses that were required under the Rules.

### 1. Veters's Entries

In light of the routine nature of the motion, the Court first looks to the reasonableness of Veters' work on the motion.  On June 13, 2008 and June 16, 2008, in multiple billing entries, Veters billed a total of 1.00 hour for exchanging email correspondence with, telephoning, and faxing opposing counsel, Douglas Brown ("Brown"), all to schedule a Local Rule 37.1E discovery telephone conference.  (R. Doc. 26-4, Ex. B).  The Court concludes that 1.00 hour is excessive for scheduling a mere telephone conference, and reduces the hours expended to 0.20 hours.

On June 16, 2008, Veters expended 0.30 hours preparing for the telephone conference regarding the outstanding discovery.  The Court finds that 0.30 hours is excessive, especially because Veters simply needed to request responses to Regency's outstanding discovery.  The Court determines that 0.10 hours is more appropriate figure.

The contemporaneous time report indicates that Veters performed 0.30 hours of work, drafting the notice of hearing for the motion to compel.  The Court concludes that 0.30 hours on a mere one paragraph notice is excessive, particularly because the paragraph only contains procedural

data, such as the date and time of the hearing.  Therefore, the Court reduces this entry to 0.10 hours.

As for Veters' entries for 1.90 hours of work on June 24, 2008 and July 1, 2008 regarding her work on the Local Rule 37.1E certificate of counsel, the Court concludes that 1.00 hour is more than sufficient to prepare a one and a half page certificate, as Veters did here. Accordingly, the Court reduces this entry to 1.00 hour.

In the final entry on Veters' work on the motion to compel, Veters charges 0.30 for her work on July 1, 2008 in designating and reorganizing the exhibits and directing the paralegal to file the documents with the Court.  The Court finds that organizing the exhibits and filing the documents is work more appropriately charged to a paralegal and at paralegal's rates.  Therefore, the Court eliminates this entry in its entirety.

Next, looking at the work performed by Veters on the motion to fix attorney's fees, the Court takes issue with the 0.90 hours spent on revising the affidavit by Schwartz regarding counsels' qualifications.  Veters did not author the affidavit, but simply revised it.  Furthermore, the affidavit contained largely factual information about Schwartz's and Veters' personal work experiences and qualifications.  Therefore, the Court finds that 0.50 hours is a more appropriate figure for the work performed in revising the document, not 0.90 hours.

Finally, as to Veters, the time report indicates that she expended: 3.20 hours performing legal research on the motion to fix attorney's fees and reviewing and analyzing the case law; 2.50 hours drafting and revising the supporting memorandum on July 17, 2008; and 1.20 hours revising and finalizing the case law on July 18, 2008, for a total of 6.90 hours.  The Court disagrees with the reasonableness of this amount, and finds that 5.00 hours is more appropriate for researching and writing a standard motion to fix attorney's fees consisting of seven substantive pages, without

counting in the caption, header, and signature line.  The Court reiterates that Veters has seven years of legal experience, and an advanced LL.M. degree.  With Veters's qualifications and experience, the Court concludes that 5.00 hours is an appropriate award for her preparation of a motion to fix attorney's fees.

2.      <strong><u>Schwartz's Entries</u></strong>

The Court now addresses the fee entries for Schwartz.  The Court observes that Schwartz billed a total of 1.70 hours for work on July 24, 25, and 30, 2008, in reviewing, revising, and preparing the motion to compel.  These entries are excessive, in light of the extensive time that Veters already spent in authoring and readying the motion to compel, which was a routine motion to obtain discovery responses.  Therefore, the Court reduces the hours billed to 1.00 hour.

Next, on July 11, 2008, Schwartz expended 0.30 hours considering the drafting of a supplemental brief, if Wells later submitted discovery responses.  The Court finds this entry inappropriate and extraneous, as a supplemental brief should only be billed to the client, if the attorneys indeed drafted such a brief.  Therefore, the Court eliminates this entry in its entirety.

Finally, as for Schwartz's entry on July 17, 2008, for his 2.00 hours expended on reviewing and revising the attorney fee application, the Court finds that 2.00 hours is excessive, again, in light of the hours already worked by Veters on the motion.  The Court accordingly subtracts 1.00 hour from the 2.00 hours, leaving 1.00 billed hour.

3.      <strong><u>Hebert's Entries</u></strong>

On July 1, 2008, the time report indicates that Hebert worked for 1.10 hours to finalize the motion to compel for filing.  Similarly, on July 18, 2008, Hebert spent 1.10 hours finalizing the motion to fix attorney's fees.  It is unclear what additional work Hebert needed to perform to

10

"finalize" the motions for filing, especially because Veters already billed for her work in revising the motion to compel and the associated documents and in reorganizing the attachments. Similarly, Veters also billed for her work in "finalizing" the motion to fix attorney's fees. Therefore, the Court deletes these entries in their entirety, as they are excessive and duplicative.

Also on July 1, 2008, Hebert allegedly performed 0.80 hours of work filing the motion to compel and its associated documents into CM-ECF. The Court determines that this entry too, is excessive. Hebert later bills for 0.30 hours of work in filing the motion to fix attorney's fees in CM-ECF. The Court finds that similar to Hebert's later entry on the motion to fix fees, 0.30 hours is a more appropriate figure for the motion to compel, and therefore reduces the entry for 0.80 hours by 0.50 hours, leaving a total of 0.30 hours for this entry.

Next, Hebert billed 0.50 hours in her work receiving notification from the Court about her successful filing of the motion to compel and downloading copies of the documents from CM-ECF. According to the time report, she performed the work on July 1, 2008. Hebert similarly bills 0.10 hours for her successful filing of the motion to fix attorney's fees and her work downloading the documents from CM-ECF on July 14, 2008. The Court finds that it does not take half an hour to passively receive notice that a motion has been properly filed, and then to download a copy of the filed motion. Therefore, the Court reduces the July 1, 2008 entry of 0.50 hours for the motion to compel, to 0.10 hours, similar to her later entry for the motion to fix fees.

After conducting a line-by-line analysis of the remainder of Regency's legal bill, the Court concludes that the rest of the time reported was reasonably expended, and not excessive or duplicative. Therefore, in sum, the Court awards Regency $2,289.50 in legal fees for a total of 10.70 hours for the time spent by Veters, 2.40 hours for the time spent by Schwartz, and 1.50 hours for the

11

time spent by Hebert on the above-mentioned motions and associated parts.

   C.   **Adjusting the Lodestar**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974).  To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required.  *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).  The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.  The Court has already considered the *Johnson* elements in its line-by-line determination of the lodestar.  Therefore, the Court awards Regency a total of $2,289.50 for 2.40 hours spent by Schwartz, at an hourly rate of $200.00; 10.7 hours spent by Veters, at an hourly rate of $160.00; and 1.50 hours spent by Hebert, at an hourly rate of $65.00, for their work performed on the motions.

**III.   Conclusion**

Accordingly,

   **IT IS ORDERED** that the **Defendants' Motion to Fix Attorneys' Fees (R. Doc. 26)** is **GRANTED**.  The Court finds that a total fee of **$2,289.50** is reasonable in the matter here.

   **IT IS FURTHER ORDERED** that Wells satisfy her obligation to Regency no later than **twenty (20) days** of the signing of this Order.

New Orleans, Louisiana, this 15th day of December 2008

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**